UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UTICA NATIONAL INSURANCE CO. OF OHIO, :
as subrogee of Voorheesville Central School    :
District,                                      :     Docket No. 6:22-cv-1231 (GLS/CFH)
                                               :
                                               :
                   Plaintiff,                  :     **FIRST AMENDED COMPLAINT**
                                               :
      -against-                                :
                                               :     **JURY TRIAL DEMANDED**
                                               :
PVI INDUSTRIES, LLC,                           :
                                               :
      and,                                     :
                                               :
WATTS HEATING AND HOT WATER                    :
SOLUTIONS, LLC, d/b/a PVI Industries           :
                                               :
      and,                                     :
                                               :
XYLEM, INC., d/b/a BELL & GOSSETT              :
                                               :
                   Defendants.                 :
                                               :
---------------------------------------------------------------X

      Plaintiff, Utica National Insurance Company of Ohio, as subrogee of Voorheesville Central School District, by and through its undersigned counsel and for its First Amended Complaint against Defendants, PVI Industries, LLC, Watts Heating and Hot Water Solutions, LLC, d/b/a PVI Industries, and Xylem, Inc., d/b/a Bell & Gossett, avers as follows, upon information and belief:

## **PARTIES**

      1.    Plaintiff, Utica National Insurance Company of Ohio ("Utica National"), is a corporation duly organized and existing under the laws of Ohio, with its principal place of business at 180 Genesee St., New Hartford, New York.

2. At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of New York.

3. Defendant, PVI Industries, LLC ("PVI"), is a business duly organized and existing under the laws of the State of Delaware, with its principal place of business at 425 W. Everman Parkway, Suite 101, Fort Worth, Texas.

4. No member of PVI is domiciled in Ohio or New York.

5. At all times material hereto, Defendant PVI was engaged in the business, *inter alia*, of manufacturing, designing, distributing, assembling, and/or selling water heaters.

6. PVI marketed and/or sold products to citizens and/or businesses in the State of New York, including water heaters.

7. Defendant, Watts Heating and Hot Water Solutions, LLC, d/b/a PVI Industries ("Watts"), is a business duly organized and existing under the laws of the State of Delaware, with its principle place of business at 425 W. Everman Parkway, Suite 101, Fort Worth, Texas.

8. No member of Watts is domiciled in Ohio or New York.

9. At all times material hereto, Defendant Watts was engaged in the business, *inter alia*, of manufacturing, designing, distributing, assembling, and/or selling water heaters.

10. Watts marketed and/or sold products to citizens and/or businesses in the State of New York, including water heaters.

11. Defendant Xylem, Inc. d/b/a Bell & Gossett ("Xylem"), is a corporation duly organized and existing under the laws of Indiana, with its principal place of business at 301 Water Street SE, Suite 200, Washington, DC.

12. At all times material hereto, Defendant Xylem was engaged in the business, *inter alia*, of manufacturing, designing, distributing, assembling, and/or selling circulator pumps.

13. Xylem marketed and/or sold products to citizens and/or businesses in the State of New York, including circulator pumps.

## JURISDICTION

14. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs of this action.

15. Venue is properly laid in this judicial district as the events giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

16. At all times material hereto, Plaintiff's insured, Voorheesville Central School District, owned the property located at 432 New Salem Rd., Voorheesville, NY 12186, which is known as the Clayton A. Bouton High School (the "Subject Property" or the "High School").

17. At all times material hereto, Plaintiff provided insurance coverage for the Subject Property, pursuant to policy number CPP 1400622 ("Policy").

18. Prior to January 26, 2020, a model 50 L 130A-GCML water heater manufactured, designed, distributed, assembled, and/or sold by Defendant PVI and/or Watts was installed in the Subject Property (the "Water Heater").

19. The Water Heater included a circulating pump manufactured, designed, distributed, assembled, and/or sold by Defendant Xylem (the "Circulator Pump").

20. On or about January 26, 2020, the Water Heater and/or its component parts, including the Circulator Pump, failed and allowed water to flood the Subject Property (the "Incident").

21. The Incident was caused when the mounting studs for the Circulator Pump failed which allowed water to escape the Water Heater.

22. The water that escaped from the Water Heater caused significant damage to the High School.

23. Voorheesville Central School District submitted a claim to Plaintiff and, pursuant to the terms of the Policy, Plaintiff compensated its insured for the damage to the High School.

24. The total damage to the High School exceeded $75,000.

25. By virtue of its payments, and in accordance with the common law principles of legal and equitable subrogation, as well as the terms of the Policy, Plaintiff is legally and equitably subrogated, to the extent of its payments, to its insureds' right to recovery against Defendant.

## COUNT I – STRICT PRODUCT LIABILITY

### Plaintiff vs. PVI and Watts

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Defendant PVI and/or Watts is the manufacturer, designer, distributor, assembler, and/or seller of the Water Heater.

28. The improper and/or defective manufacture, design, distribution, assembly, and/or sale of the Water Heater by PVI and/or Watts directly and proximately created a dangerous condition that posed an unreasonable risk of harm to the Subject Property.

29. The Water Heater was defective and unreasonably dangerous because it failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable and/or the risks of harm outweighed any benefit.

30. The Water Heater was in a defective condition at the time it left the possession or control of PVI and/or Watts.

31. The Water Heater reached the Subject Property without change to its condition.

32. The Water Heater was used for its intended purpose for which it was designed and manufactured, and/or for a purpose that was reasonably foreseeable to PVI and/or Watts.

33. The mounting studs for the Circulator Pump fractured and failed allowing water to escape the Water Heater and flood the Subject Property.

34. The Water Heater was not reasonably safe for its intended use.

35. Defendant failed to provide adequate warnings regarding the use of the Water Heater.

36. Plaintiff's insured could not have reasonably discovered the defects in the Water Heater.

37. The defects in the Water Heater caused the January 26, 2020, water loss and damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

## COUNT II – NEGLIGENCE

### Plaintiff vs. PVI and Watts

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. Defendant PVI and/or Watts had a duty to exercise due care in designing, assembling, distributing, and manufacturing the Water Heater.

40. Defendant breached its duty to exercise due care in designing, assembling, distributing, and manufacturing the Water Heater.

41. The damage to the Subject Property was the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, as follows:

    A. Failing to properly manufacture, assemble, distribute, and/or design the Water Heater;

    B. Acting unreasonably when manufacturing, assembling, distributing, and/or designing the Water Heater;

    C. Manufacturing, distributing, assembling, and/or designing the Water Heater in a manner that caused the mounting studs to fracture;

    D. Manufacturing, distributing, assembling, and/or designing the Water Heater in a manner that caused it to allow water to flood the Subject Property; and

    E. Failing to include adequate warnings regarding the use of the Water Heater.

42. As a direct and proximate result of Defendant's negligence, carelessness, recklessness, and/or negligent acts and/or omissions the Subject Property suffered damage.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

## COUNT III – BREACH OF WARRANTY

### Plaintiff v. PVI and Watts

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Defendant PVI and/or Watts impliedly and/or expressly warranted the Water Heater was safe, effective, and fit for its normal use.

45. Defendant dangerously, improperly, and/or defectively designed, assembled, and/or manufactured the Water Heater, which created a dangerous condition that exposed Plaintiff to unreasonable risk of harm.

46. The Water Heater caused damage to Plaintiff.

47. The Water Heater was defective and unfit for its intended purpose.

48. The Water Heater was defective when it left the control of Defendant.

49. As a result of Defendant's conduct, Defendant breached its express and implied warranties, including its warranty of merchantability and fitness for a particular use.

50. As a direct and proximate result of Defendant's breach of the expressed and/or implied warranties, Plaintiff sustained damage.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

## COUNT IV – STRICT PRODUCT LIABILITY

### Plaintiff vs. Xylem

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. Defendant Xylem is the manufacturer, designer, distributor, assembler, and/or seller of the Circulator Pump.

53. The improper and/or defective manufacture, design, distribution, assembly, and/or sale of the Circulator Pump by Xylem directly and proximately created a dangerous condition that posed an unreasonable risk of harm to the Subject Property.

54. The Circulator Pump was defective and unreasonably dangerous because it failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonable foreseeable and/or the risks of harm outweighed any benefit.

55. The Circulator Pump was in a defective condition at the time it left the possession or control of Xylem.

56. The Circulator Pump was expected to, and did, reach the Subject Property without change to its condition.

57. The Circulator Pump was used for its intended purpose for which it was designed and manufactured, and/or for a purpose that was reasonably foreseeable to Xylem.

58. As designed, assembled, and/or manufactured by Defendant, the mounting studs for the Circulator Pump fractured and failed allowing water to escape the Water Heater and flood the Subject Property.

59. As designed by Defendant, the Circulator Pump was not reasonably safe for its intended use.

60. Defendant failed to provide adequate warnings regarding the use of the Circulator Pump.

61. Plaintiff's insured could not have reasonably discovered the defects in the Circulator Pump.

62. The defects in the Circulator Pump caused the January 26, 2020, water loss and damage to the Subject Property.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

## COUNT V – NEGLIGENCE

### Plaintiff vs. Xylem

63. Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

64. Defendant had a duty to exercise due care in designing, assembling, distributing and manufacturing the Circulator Pump.

65. Defendant breached its duty to exercise due care in designing, assembling, and manufacturing the Circulator Pump.

66. The damage to the Subject Property was the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, as follows:

    A. Failing to properly manufacture and/or design the Circulator Pump;

    B. Acting unreasonably when manufacturing, assembling, and/or designing the Circulator Pump;

    C. Manufacturing, assembling, distributing, and/or designing the Circulator Pump in a manner that caused the mounting studs for the Circulator Pump to fracture;

    D. Manufacturing, assembling, distributing, and/or designing the Circulator Pump in a manner that caused the Water Heater to flood the Subject Property; and

    E. Failing to include adequate warnings regarding the use of the Circulator Pump.

67. As a direct and proximate result of Defendant's negligence, carelessness, recklessness, and/or negligent acts and/or omissions the Subject Property suffered damage.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

## COUNT IV – BREACH OF WARRANTY

### Plaintiff vs. Xylem

68. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69. Defendant impliedly and/or expressly warranted the Circulator Pump was safe, effective, and fit for its normal use.

70. Defendant dangerously, improperly, and/or defectively designed and/or manufactured the Circulator Pump, which created a dangerous condition that exposed Plaintiff to unreasonable risk of harm.

71. The Circulator Pump caused damage to Plaintiff.

72. The Circulator Pump was defective and unfit for its intended purpose.

73. The Circulator Pump was defective when it left the control of Defendant.

74. As a result of Defendant's conduct, Defendant breached its express and implied warranties, including its warranty of merchantability and fitness for a particular use.

75. As a direct and proximate result of Defendant's breach of the expressed and/or implied warranties, Plaintiff sustained damage.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for damages in an amount in excess of $75,000, with interest, the costs, fees, and any further relief the Court deems appropriate.

Respectfully submitted,

COZEN O'CONNOR

By: _____

Michael D. O'Donnell, Esq.
*Admitted Pro Hac Vice*
1650 Market St., Suite 2800
Philadelphia, PA 19103
(215) 665-6932
mdodonnell@cozen.com

and

COFFEY LAW, PLLC

Daniel W. Coffey, Esq.
NDNY Bar Roll No.: 506125
17 Elk Street
Albany, NY 12207
(518) 813-9500
dan@coffeylaw.com

*Counsel for Plaintiff*