UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UTICA NATIONAL INSURANCE CO. OF OHIO,
as subrogee of Voorheesville Central School
District,

                        Plaintiff,

- against -

PVI INDUSTRIES, LLC, and, WATTS HEATING AND
HOT WATER SOLUTIONS, LLC, d/b/a PVI Industries and,
XYLEM, INC., d/b/a BELL & GOSSETT

                        Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT WITH CROSSCLAIM**

Docket No.: 6:22-cv-1231
(GLS/CFH)

**WITH JURY DEMAND**

---

Defendant, Xylem Inc., d/b/a Bell & Gossett (hereinafter "answering defendant") by and through their attorneys, Napierski, VanDenburgh, Napierski & O'Connor, LLP, as and for an Answer to plaintiff's First Amended Complaint, states the following:

### PARTIES

1. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9" and "10" of the First Amended Complaint.

2. Answering defendant admits the allegation contained in paragraph "11" of the First Amended Complaint.

3. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12" and "13" of the First Amended Complaint except that answering defendant admits that it manufactures, designs, distributes to OEMs and distributors, assembles, and sells certain circulator pumps including

Motor Pump #1BL113, Model #PL-75 VAC w/impeller, and it further admits that it sells such circulator pumps in the State of New York.

## JURISDICTION

4. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the First Amended Complaint.

5. Answering defendant admits the allegation contained in paragraph "15" of the First Amended Complaint.

## FACTUAL ALLEGATIONS

6. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16", "17" and "18" of the First Amended Complaint.

7. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Complaint except answering defendant admits that the water heater produced by plaintiff and represented to have failed included a circulating pump manufactured, designed, distributed, assembled, and/or sold by answering defendant.

8. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "20", "21", "22", "23" and "24" of the First Amended Complaint.

9. Answering defendant denies the allegations contained in paragraph "25" of the First Amended Complaint.

## COUNT I – STRICT PRODUCT LIABILITY
### Plaintiff vs. PVI and Watts

10. With respect to paragraph "26" of the First Amended Complaint answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "9" of this Answer.

11. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "27", "28", "29, "30", "31", "32", "33", "34", "35" and "36" of the First Amended Complaint.

12. Answering defendant denies the allegations contained in the paragraph "37" of the First Amended Complaint.

## COUNT II – NEGLIGENCE
### Plaintiff vs. PVI and Watts

13. With respect to paragraph "38" of the First Amended Complaint answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "12" of this Answer.

14. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the First Amended Complaint except that answering defendant refers all questions of law to the Court.

15. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "40" and "41" of the First Amended Complaint.

16. Answering defendant denies the allegations contained in the paragraph "42" of the First Amended Complaint.

## COUNT III – BREACH OF WARRANTY
### Plaintiff v. PVI and Watts

17. With respect to paragraph "43", answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "16" of this Answer.

18. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the First Amended Complaint except that answering defendant refers all questions of law to the Court and to all warranties for the sum and substance of same.

19. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "45", "46", "47 and "48" of the First Amended Complaint.

20. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the First Amended Complaint except that answering defendant refers all questions of law to the Court and to all warranties for the sum and substance of same.

21. Answering defendant denies the allegations contained in the paragraph "50" of the First Amended Complaint.

## COUNT IV – STRICT PRODUCT LIABILITY
### Plaintiff vs. Xylem

22. With respect to paragraph "51", answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "21" of this Answer.

23. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the First Amended Complaint except answering defendant admits that a circulator pump produced by plaintiff and represented

to have failed was manufactured, designed, distributed, assembled, and/or sold by answering defendant.

24. Answering defendant denies the allegations contained in the paragraphs "53", "54", "55" and "56" of the First Amended Complaint.

25. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the First Amended Complaint except answering defendant admits that answering defendant was aware that PVI manufactures hot water heaters.

26. Answering defendant denies the allegations contained in the paragraphs "58", "59", "60", "61" and "62" of the First Amended Complaint.

### COUNT V – NEGLIGENCE
### Plaintiff vs. Xylem

25. With respect to paragraph "63", answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "26" of this Answer.

26. Answering defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the First Amended Complaint and refers all questions of law to the Court.

27. Answering defendant denies the allegations contained in paragraphs "65", "66" and "67" of the First Amended Complaint.

### COUNT IV – BREACH OF WARRANTY
### Plaintiff vs. Xylem

28. With respect to paragraph "68" of the First Amended Complaint answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "27" of this Answer.

29. Answering defendant denies the allegations contained in paragraphs "69" of the First Amended Complaint except that answering defendant refers to all warranties for the sum and substance of same and refers all questions of law to the Court.

30. Answering defendant denies the allegations contained in paragraphs "70", "71", "72", "73", "74" and "75" of the First Amended Complaint

### FOR A FIRST DEFENSE

31. The First Amended Complaint fails to state a legally cognizable cause of action against the defendant.

### FOR A SECOND DEFENSE

32. Plaintiff's alleged damages were caused, in whole or in part, by the negligent conduct, culpable conduct, including assumption of the risk, or other conduct on the part of the plaintiff or a third-party or entity.

### FOR A THIRD DEFENSE

33. Plaintiff's economic loss was replaced or indemnified, in whole or in part, from collateral source(s) and the defendant is entitled, pursuant to CPLR 4545, to have the Court consider this in determining plaintiff's compensable damages, if any.

### FOR A FOURTH DEFENSE

34. The relative culpability of each party, person or entity who is or may be liable for the damages alleged by the plaintiff in this action must be determined in accordance with the statutory and decisional law of the State of New York. Accordingly, the equitable share of each party, person or entity for contribution must be determined and apportioned in accordance with the relative culpability of each party, person, or entity pursuant to Article 14 of the CPLR.

### FOR A FIFTH DEFENSE

35. The injuries, losses or other damages alleged in the Complaint were the result of an independent intervening cause, or causes, over which the defendant had neither control nor responsibility.

### FOR A SIXTH DEFENSE

36. Pursuant to Article 14-A of the CPLR, plaintiff's claim for damages against the defendant shall be diminished in proportion to which the culpable conduct attributable to the plaintiff, whether by contributory negligence or assumption of the risk, bears to the culpable conduct which caused plaintiff's damages.

### FOR A SEVENTH DEFENSE

37. Plaintiff has failed to mitigate its damages.

### FOR AN EIGHTH DEFENSE

38. The action is barred by the Doctrine of Accord and Satisfaction.

### FOR A NINTH DEFENSE

39. The action is barred by plaintiff's waiver of any right of subrogation against the defendant.

### FOR A TENTH DEFENSE

40. If answering defendant is liable at all, which is denied, answering defendant's liability is 50 percent or less of the total liability assigned to all persons liable.

41. By reason thereof, the liability of answering defendant to the plaintiffs for non-economic loss shall not exceed answering defendant's equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### FOR AN ELEVENTH DEFENSE

42. In the event of settlement by any of the co-defendants or any other joint tortfeasor, answering defendants are entitled to the full benefit of General Obligations Law §15-108, such that the claim by plaintiff shall be reduced to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for, or in the amount of the released tortfeasor's equitable share of the damages under CPLR Article 14, whichever is greatest.

### FOR A TWELFTH DEFENSE

43. The claims and causes of action set forth in the complaint are barred by the applicable statute of limitations.

### FOR A THIRTEENTH DEFENSE

44. The product and/or materials alleged to have been manufactured and/or distributed by the defendant was not in the same condition at the time of the alleged occurrence as it was in when it left the answering defendant's custody and control.

### FOR A FOURTEENTH DEFENSE

45. Plaintiff's warranty claims and causes of action against answering defendant are barred by the terms and conditions of the warranty and/or by virtue of the plaintiff's failure to comply with the applicable requirements and conditions precedent thereunder and/or by and under the New York Uniform Commercial Code.

### FOR A FIFTEENTH DEFENSE

46. Plaintiff and/or others over whom answering defendant had no control, modified, misused, altered, or changed the product referred to in plaintiff's Complaint so that such changes proximately caused plaintiff's injuries, loss, or damage, if any.

### FOR A SIXTEENTH DEFENSE

47.     Without admitting the truth of plaintiff's allegations, the state of knowledge, or state of art, at the time of manufacture and/or design of the product or materials did not reasonably allow answering defendant to know about, or take steps to alleviate, the alleged risks of which plaintiff complains.

### FOR A SEVENTEENTH DEFENSE

48.     Any information, instructions and warnings concerning any product manufactured by the answering defendant was in conformity with the available knowledge of the scientific and industrial community and met all applicable government standards.

### FOR AN EIGHTEENTH DEFENSE

49.     Plaintiff's claims should be dismissed and/or Xylem Inc. is entitled to sanctions to the extent that spoliation of evidence has prejudiced Xylem Inc.'s ability to defend itself in this matter.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS PVI INDUSTRIES, LLC, and, WATTS HEATING AND HOT WATER SOLUTIONS, LLC, d/b/a PVI Industries

Any injuries or damages sustained by the plaintiff herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the acts, omissions, breach of duty, strict liability, negligence and/or culpable conduct of the co-defendants herein.

If it is determined that the answering defendant is liable in any degree to the plaintiff, the answering defendants are entitled to indemnification and/or contribution from the co-defendants.

**WHEREFORE,** the defendant, Xylem, Inc. d/b/a Bell & Gossett demands judgment dismissing the complaint of the plaintiff herein with costs, and/or attorney's fees and, in the

alternative, demands judgment pursuant to CPLR 3019(b) and CPLR Article 14 that the ultimate rights of the defendants, Xylem Inc., d/b/a Bell & Gossett and PVI Industries, LLC, and, Watts Heating and Hot Water Solutions, LLC, d/b/a PVI Industries be determined as between themselves and that the defendant, Xylem Inc., d/b/a Bell & Gossett, have judgment over and against the defendant PVI Industries, LLC, and, Watts Heating and Hot Water Solutions, LLC, d/b/a PVI Industries for indemnification and/or contribution, in whole or in part, for the amount of any sum which may be recovered herein against the answering defendant, together with attorneys' fees and the costs and disbursements of this action.

## JURY DEMAND

Defendant, Xylem Inc., d/b/a Bell & Gossett demands a trial by jury on all issues so triable.

## DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1

Xylem Inc., through the undersigned counsel, and in compliance with Federal Rule of Civil Procedure 7.1, identifies itself as a non-governmental corporation, which has the following publicly held corporation that owns 10% or more of its stock: Blackrock, Inc.

DATED: January 17, 2023

NAPIERSKI, VANDENBURGH,
NAPIERSKI & O'CONNOR, LLP

By: _____
DIANE LUFKIN SCHILLING
Bar Roll No.: 501289
*Attorneys for Defendant,*
*Xylem Inc., d/b/a Bell & Gossett*
296 Washington Avenue Extension, Suite 3
Albany, New York 12203
Telephone: (518) 862-9292
Facsimile: (518) 862-1519
E-Mail: **dls@nvnolaw.com**

TO: **VIA CM/ECF:**
Daniel W. Coffey, Esq.
COFFEY LAW, PLLC
*Attorneys for Plaintiff*
17 Elk Street
Albany, NY 12207
Telephone: (518) 813-9500
Facsimile: (518) 207-1916
E-Mail: **dan@coffeylaw.com**

Michael D. O'Donnell, Esq.
COZEN O'CONNOR
*Attorneys for Plaintiff*
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 701-2133
E-Mail: **mdodonnell@cozen.com**

Joshua L. Milrad, Esq.
GOLDBERG SEGALLA, LLP
*Attorneys for Defendants, PVI Industries, LLC and*
 *Watts Heating and Hot Water Solutions, LLC d/b/a PVI Industries*
100 Pearl Street, Suite 1100
Hartford, CT 06103-4506
Telephone: (860) 760-3328
Email: **jmilrad@goldbergsegalla.com**

Bilal Chaudry, Esq.
GOLDBERG SEGALLA, LLP
*Attorneys for Defendants, PVI Industries, LLC and*
 *Watts Heating and Hot Water Solutions, LLC d/b/a PVI Industries*
200 Garden City Plaza, Suite 520
Garden City, NY 11530
Telephone: (516) 601-0784
Email: **bchaudry@goldbergsegalla.com**

11